Carl B. HENDERSON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. CV 90–0399–S–EJL.

United States District Court,
D. Idaho.

April 25, 1991.

Carl B. Henderson, pro se.

Maurice O. Ellsworth, U.S. Atty., Boise, Idaho, for the U.S.

## ORDER

LODGE, District Judge.

Presently pending before the Court is defendant's motion to dismiss, plaintiff's motion to cancel Court order, and plaintiff's motion to amend complaint. Oral argument was heard on April 12, 1991, and the matter was taken under advisement.

## I. FACTS

On October 25, 1989, the Department of Veteran Affairs denied plaintiff's claim for vocational rehabilitation benefits.[1] On November 7, 1989, plaintiff initiated an administrative appeal of the denial. This appeal is presently pending.

On August 14, 1990, plaintiff filed an action against the Veterans Administration for denial of his application for vocational rehabilitation program. Plaintiff's prayer for relief requests an order from the Court for an approved program, as well as punitive damages in the amount of $10,000.00.

On October 3, 1990, the Court granted defendants' motion substituting the United States as defendant in this matter.

---

**1.** Plaintiff applied for assistance to return to college to complete a doctoral in Clinical Psychology.

On December 19, 1990, plaintiff filed a motion to cancel Court order and a motion to amend complaint.

## II. MOTION TO CANCEL COURT ORDER

Plaintiff's motion to cancel Court order is an original title for a motion for relief from order, pursuant to Rule 60(b), Federal Rules of Civil Procedure.

Plaintiff seeks relief from the Court's order dated October 3, 1990, in which it granted the defendants' motion to substitute the United States as sole defendant. The plaintiff did not respond to the original motion and now brings the current motion for relief, alleging the named defendants were acting outside the scope of their employment.

The Court has again reviewed the complaint and finds that there are no allegations that the named defendants were acting outside the scope of their employment. As previously ordered, the United States should be substituted as the sole defendant in this case.

## III. JURISDICTION

### A. 38 U.S.C. § 211(a)

■ The United States alleges that the Court does not have jurisdiction over this matter since it concerns the administration of veterans benefits. This argument is primarily based on Title 38, U.S.C. § 211(a), which provides in pertinent part:

> The decisions of the Secretary on any question of law or fact under any law administered by the Department of veterans Affairs providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by action in the nature of mandamus or otherwise.

Plaintiff asserts in his complaint that he was wrongfully denied vocational rehabilitation benefits. The matters alleged in the complaint relate exclusively to the administration of veterans benefits and, as such, judicial review by this Court is precluded by § 211(a). *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

### B. Constitutional Claims

Plaintiff has challenged the constitutionality of the decision to deny him benefits, citing *Johnson v. Robison.* Although the Supreme Court did provide for judicial consideration of constitutional claims in *Johnson,* the extent of such review goes only to actions which challenge the constitutionality of a statute.

Plaintiff has not challenged the constitutionality of a veterans administration statute; he has challenged a veterans administration decision. Accordingly, the constitutional review provided for in *Johnson* does not extend to plaintiff's claims.

### C. 42 U.S.C. § 6101 et seq.; 14th Amendment; 38 CFR ...

■ In plaintiff's complaint, he asserts the Court has jurisdiction over this matter based upon the 14th Amendment, Due Process–Equal Protection Clause; 42 U.S.C. § 6101, et seq., Age Discrimination Act of 1975; and various sections of 38 Code of Federal Regulations. This Court finds that these authorities do not confer jurisdiction on this Court over this matter, based on the following: the 14th Amendment is applicable to actions by a State; nowhere in the language of the Age Discrimination Act does it grant jurisdiction to Federal Courts to review the administration of Veterans Affairs benefits; the provisions of Title 38, Code of Federal Regulations, cited by plaintiff, govern the administration of veteran benefits and are not a grant of jurisdiction to this Court over these matters.

## IV. ADMINISTRATIVE REMEDIES

■ Plaintiff has filed an administrative appeal in this matter which is currently pending. Even if this Court found that it did have jurisdiction over this matter, since the appeal is presently pending, the plaintiff has failed to exhaust his administrative remedies, and in the interest of judicial economy, the matter would not be ripe for this Court's decision.

Plaintiff alleges that under 38 C.F.R. § 18.550, his administrative remedies have been exhausted. This section provides for exhaustion of administrative remedies in the event no finding has been made on a complaint within 180 days of its filing. This provision applies to discrimination complaints. Plaintiff has not filed such a complaint. His administrative appeal was primarily to contest the denial of his claim for vocational rehabilitation benefits; it did not place the Veterans Administration on notice that it was a complaint for age discrimination.

Even if this Court were to find that plaintiff's references to age discrimination in his memorandum in support of motion to deny dismissal were adequate notice, and considered to be the filing of an age discrimination action, this Court would still not have jurisdiction. The statutes and regulations cited by the plaintiff in support of his argument that he has exhausted his administrative remedies are applicable only to programs receiving federal financial assistance and not to programs conducted directly by a federal agency such as the Veterans Administration. *Soberal–Perez v. Heckler,* 717 F.2d 36, 38 (2d Cir.1983) *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984); *Bob Jones University v. Johnson,* 396 F.Supp. 597 (D.S.C. 1974), aff'd 529 F.2d 514 (4th Cir.1975).

## V. MOTION TO AMEND

Plaintiff has moved the Court to amend his complaint to include the following as a basis for jurisdiction: "United States Constitution, Fifth Amendment; 42 U.S.C. § 6104; and, Public Law 100–687, Nov. 18, *1988,* 102 Stat. 4122."

Rule 15(a), Federal Rules of Civil Procedure, permit a party to amend his pleading after an answer has been filed only by leave of Court, or written consent of the adverse party. The rule further states that "leave shall be freely given when justice so requires." In the present case, although the United States did not provide written consent for plaintiff's amendment, it has not objected to the motion to amend.

The Court finds that leave to amend should be given in this case.

The Court further finds, however, that the amendment to the complaint will not cure the jurisdictional defect.

## VI. CONCLUSION

Based on the foregoing, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiff's motion to amend complaint should be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to cancel Court order should be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss should be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the plaintiff's complaint, as amended, should be, and the same hereby is, DISMISSED.